**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

PAMELA ALLEN YOUNG                                          PLAINTIFF

VERSUS                            CIVIL ACTION NO: 5:09-cv-143-DCB-JMR

WALGREEN COMPANY                                            DEFENDANT

<u>consolidated with</u>

PAMELA ALLEN YOUNG,
ON BEHALF OF HER MINOR CHILD, D.A.                          PLAINTIFF

VERSUS                            CIVIL ACTION NO: 5:09-cv-144-DCB-JMR

WALGREEN COMPANY                                            DEFENDANT

## OPINION AND ORDER

This cause comes before the Court on the plaintiff's Motions to Remand [docket entry nos. 5 in 5:09-cv-143 and 6 in 5:09-cv-144]. Having carefully considered the Motions, the defendant's Responses thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On July 28, 2009, Pamela Allen Young ("plaintiff") commenced the above-styled actions in the Circuit Court of Warren County, Mississippi, against Walgreen Company ("defendant"). In both complaints, the plaintiff alleges that she was denied service by the defendant on account of her race (African-American), and she suffered verbal abuse from a pharmacist employed by the defendant. In the first complaint, the plaintiff asserts claims of intentional infliction of emotional distress, negligent infliction of emotional

distress, racial discrimination in violation of 42 U.S.C. § 1981, negligent failure to train, negligent failure to supervise, negligent hiring, and negligent retention. The second complaint, filed by the plaintiff on behalf of her minor child, is identical to the first complaint except for the omission of the racial discrimination claim. Therefore, the above-styled cases were consolidated by this Court on May 4, 2010.

The defendant removed this action to this Court on September 3, 2009. The defendant stated that the plaintiff's complaint raises a federal question under to 42 U.S.C. § 1981, which provides this Court with jurisdiction pursuant to 28 U.S.C. § 1331. The defendant also stated that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Walgreen is a corporation organized under the laws of Illinois with its principal place of business in a state other than Mississippi, and the plaintiff is a resident citizen of Mississippi. Following removal, the plaintiff amended her complaint and joined "John Doe," a pharmacist for Walgreen, as a defendant. (Docket entry no. 4). Thereafter, the plaintiff filed the instant Motions to Remand arguing that the parties are not completely diverse because the John Doe defendant is believed to be a resident citizen of Mississippi. The plaintiff did not address the federal question issue raised by the defendant in its Notice of Removal.

Under 28 U.S.C. § 1441(a), "any civil action brought in a

State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending." Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." According to the United States Court of Appeals for the Fifth Circuit, "[w]hether a claim arises under federal law is a question determined by reference to the plaintiff's 'well-pleaded complaint.'" PCI Transp., Inc. v. Fort Worth & Western R.R. Co., 418 F.3d 535, 543 (5th Cir. 2005) (internal citations omitted).

"Under the well-pleaded complaint rule, 'federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.'" Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987)). "As a defendant may remove a case only if the claims could have been brought in federal court, 'the question for removal jurisdiction must also be determined by reference to the well-pleaded complaint.'" PCI Transp., Inc., 418 F.3d at 543 (quoting Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229, 3232, 92 L. Ed. 2d 650 (1986)).

In her Complaint, the plaintiff states that the "Defendant

3

denied Plaintiff the rights guaranteed under 42 U.S.C. § 1981, which ensures that all persons 'shall have the same right . . . to make and enforce contracts . . . . Through Defendant's foregoing refusal to serve Plaintiff because of Plaintiff's race, Defendant intentionally and willfully deprived Plaintiff of the right to make and enforce a contract.'"  (Compl. 4-5.)  Clearly, then, the plaintiff asserts a claim pursuant to the cause of action created by 42 U.S.C. § 1983; therefore, a federal question appears on the face of her well-pleaded Complaint.  Inasmuch as "[t]here is no question that section 1983 cases filed in state court may be removed to federal court because they are cases that could have originally been filed in federal court[,]" <u>Cervantez v. Bexar County Civil Serv. Comm'n</u>, 99 F.3d 730, 733 (5th Cir. 1996), the defendant's removal of the action to this Court pursuant to 28 U.S.C. § 1441 was proper.[1]  Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motions to Remand [docket entry nos. 5 in 5:09-cv-143 and 6 in 5:09-cv-144] are **DENIED.**

**SO ORDERED AND ADJUDGED** this the 11th day of May 2010.

---

[1] Because the Court finds that it has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, whether complete diversity exists between the parties is irrelevant.  Furthermore, for removal under 28 U.S.C. 1441(a), "the citizenship of defendants sued under fictitious names shall be disregarded."

4

   <u>s/ David Bramlette</u>

**UNITED STATES DISTRICT JUDGE**